## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

In re

**JAYARAMAN KRISHNAN**
**A/K/A JAYARAMAN KRISHNA**

        **Debtor.**

_____

**WILLIAM K. HARRINGTON,**
**United States Trustee for Region 2,**

       **Plaintiff,**

**v.**

**JAYARAMAN KRISHNAN**
**A/K/A JAYARAMAN KRISHNA,**

       **Defendant.**

_____

**Case No. 22-50045 (JAM)**

**Chapter 7**

**Adv. Proc. 23-_____ (JAM)**

### COMPLAINT TO DENY DISCHARGE OF DEBTOR JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA UNDER 11 U.S.C. § 727(a)(2) AND (a)(4)(A)

William K. Harrington, the United States Trustee for Region 2, by and through his undersigned counsel, for his complaint against **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA** hereby alleges as follows:

### JURISDICTION AND VENUE

1.    This Complaint initiates an adversary proceeding as contemplated by Rule 7001(4) of the Federal Rules of Bankruptcy Procedure ("FRBP").   This controversy is a "core proceeding" as the term is defined by 28 U.S.C. § 157(b)(1) and (b)(2)(J).

2.      The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(J) and 1334 in that it arises under 11 U.S.C. § 101, *et seq.* ("Bankruptcy Code") and arises in or relates to the bankruptcy case now pending before this Court, styled: In Jayaraman Krishnan a/k/a Jayaraman Krishna, Case No. 22-50045 (JAM).

3.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## PARTIES

4.      The plaintiff William K. Harrington is the duly appointed United States Trustee for Region 2 ("United States Trustee").

5.      The United States Trustee is authorized to commence this adversary proceeding pursuant to 11 U.S.C. § 727(c).

6.      The defendant is Jayaraman Krishnan a/k/a Jayaraman Krishna the chapter 7 debtor in Case No. 22-50045 (JAM) ("Bankruptcy Case").

## PROCEDURAL BACKGROUND

7.      On February 3, 2022 ("Petition Date"), defendant Jayaraman Krishnan a/k/a Jayaraman Krishna ("Debtor") filed a voluntary petition ("Petition") for relief under chapter 7 of the Bankruptcy Code. *See* ECF 1[1] attached hereto as Exhibit 1.

8.      The Debtor has also used the names of Jayardman Krishna and Jayardman Krishnan (hereafter the term "Debtor" shall mean Jayaraman Krishnan a/k/a Jayaraman Krishna a/k/a Jayardman Krishna a/k/a Jayardman Krishnan).

9.      George I. Roumeliotis is the chapter 7 trustee of the Debtor's estate and Bankruptcy Case ("Trustee Roumeliotis").

---

[1]  All citations to "ECF __" are citations to documents filed in the Bankruptcy Case.

10.     At the commencement of his Bankruptcy Case, the Debtor was represented by Attorney Scott Charmoy ("Attorney Charmoy"). *See* ECF 1.

11.     By order dated July 19, 2022, the Court approved the withdrawal of Attorney Charmoy as counsel for the Debtor. *See* ECF 40.

12.     On August 1, 2022, Attorney Mark Kratter ("Attorney Kratter") filed an appearance as counsel to the Debtor. *See* ECF 47. As of the filing of this Complaint, Attorney Kratter continues to represent the Debtor in the Bankruptcy Case.

13.     The original date to file a complaint objecting to the Debtor's discharge in the Bankruptcy Case under 11 U.S.C. § 727 was May 2, 2022. *See* ECF 3. By order dated April 21, 2022, the United States Trustee obtained an extension of time to August 1, 2022 to file a complaint. *See* ECF 21. By order dated July 22, 2022, the United States Trustee obtained an extension of time to October 3, 2022 to file a complaint. *See* ECF 45. By order dated September 15, 2022, the United States Trustee obtained an extension of time to January 31, 2023 to file a complaint. *See* ECF 52. By order dated January 13, 2023, the United States Trustee obtained an extension of time to April 3, 2023 to file a complaint. *See* ECF 58. By order dated March 24, 2023, the United States Trustee obtained an extension of time to June 2, 2023 to file a complaint. *See* ECF 61. Accordingly, this Complaint is timely filed.

## **DEBTOR'S NON-DISCLOSURE OF ESTATE PROPERTY**

### *(a) Debtor's Schedules and Statement of Financial Affairs*

14.     On February 17, 2022, the Debtor filed a Schedule A/B ("Schedule AB") and a Schedule D ("Schedule D") in the Bankruptcy Case. *See* ECF 8 attached hereto as Exhibit 2.

15.     On February 16, 2022, in connection with his Schedule AB and Schedule D, the Debtor signed a Declaration About an Individual Debtor's Schedules ("Declaration") which contained the following oath over his signature: "Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct." *See* ECF 8 (Exhibit 2) at page 33 of 49. The Declaration was filed with the Schedule AB, Schedule D, and other Schedules (ECF 8) in the Bankruptcy Case on February 17, 2022. *Id*

16.     On Schedule AB, the Debtor answered "no" in response to question 1 which asks "Do you own or have any legal or equitable interest in any residence, building, land or similar property?" *See* ECF 8 (Exhibit 2) at page 3 of 49.

17.     On Schedule D, the Debtor answered "no" in response to question 1 thereby indicating he does not have creditors with claims that are secured by his property. *See* ECF 8 (Exhibit 2) at page 16 of 49.

### *(b)     Initial Section 341 Meeting on April 29, 2022*

18.     On April 29, 2022, the Debtor testified under oath at the initial Section 341 meeting of creditors in response to questions from Trustee Roumeliotis ("April 2022 Meeting"). A copy of the transcript of the April 2022 Meeting is attached hereto as Exhibit 3.

19.     At the April 2022 Meeting, the Debtor confirmed that he currently resides at the address listed on the Petition, which is 1769 Oenoke Ridge, New Canaan, Connecticut ("Residence"). *See* ECF 1; *see* Exhibit 3 at pages 4-5.

20.     The Residence is also known by the address 369 Pinney Road, New Canaan, Connecticut.

21.    At the April 2022 Meeting, the Debtor testified that he signed his bankruptcy Petition. *See* Exhibit 3 at page 5.

22.    At the April 2022 Meeting, the Debtor testified that he had an opportunity to review his bankruptcy documents before signing them. *See* Exhibit 3 at page 6.

23.    At the April 2022 Meeting, Trustee Roumeliotis asked the Debtor if the Debtor's bankruptcy documents/papers contained a true and accurate depiction of his financial circumstances as of the Petition Date and Attorney Charmoy initially responded to that question by stating that there were some amendments to be made, which were to increase the amount of debt owed to a certain listed creditor and to add an interest in a company in Singapore called "Primia (sic)"[2] (collectively "Attorney Charmoy Initial Disclosed Changes"). *See* Exhibit 3 at pages 6-7.

24.    At the April 2022 Meeting, Trustee Roumeliotis asked the Debtor if, aside from the Attorney Charmoy Initial Disclosed Changes, he believed everything else in his bankruptcy documents/papers is true and correct. The Debtor responded, "I do." *See* Exhibit 3 at page 7.

25.    At the April 2022 Meeting, Trustee Roumeliotis asked the Debtor if, other than the Attorney Charmoy Initial Disclosed Changes, he believed that all of his assets and liabilities have been accurately disclosed. The Debtor responded, "Yes." *See* Exhibit 3 at page 7.

26.    At the April 2022 Meeting, Trustee Roumeliotis questioned the Debtor if he sold or gave away anything worth $5,000 or more from the date of February 3, 2018 forward. The Debtor responded, "No, sir." *See* Exhibit 3 at page 16.

---

[2] Upon information and belief, the correct spelling is "Prameya."

5

27.     At the April 2022 Meeting, the Debtor testified that he has resided in the United States for more than ten (10) years. *See* Exhibit 3 at page 9.

28.     At the April 2022 Meeting, the Debtor testified that he is a resident alien. *See* Exhibit 3 at page 10.

29.     At the April 2022 Meeting, when asked by Trustee Roumeliotis when was the last time the Debtor filed a federal tax return, the Debtor testified, "I have not filed a federal tax return in the U.S. at all." *See* Exhibit 3 at page 9.

30.     At the April 2022 Meeting, the Debtor testified that the last tax return or disclosure of income to a jurisdiction was done in India over ten (10) years ago. *See* Exhibit 3 at page 10.

31.     At the April 2022 Meeting, the Debtor testified that for the past three years he has exclusively resided in Connecticut. *See* Exhibit 3 at page 9.

32.     At the April 2022 Meeting, Trustee Roumeliotis questioned the Debtor if he owned any real estate anywhere in the world in the four-year period prior to the Petition Date. The Debtor responded, "No, sir." *See* Exhibit 3 at page 16.

33.     At the April 2022 Meeting, Trustee Roumeliotis questioned the Debtor, "[d]o you own any real estate today?" and the Debtor responded, "No, sir." *See* Exhibit 3 at page 16.

34.     At the April 2022 Meeting, Trustee Roumeliotis questioned the Debtor who owns the place where he currently lives (the Residence). The Debtor initially responded "[i]t belongs to my wife" and then said "my fiancé." *See* Exhibit 3 at pages 16-17.

35.     At the April 2022 Meeting, the Debtor testified that his fiancé is Suneeta Prasad ("Ms. Prasad"). *See* Exhibit 3 at page 16.[3]

36.     At the April 2022 Meeting, the Debtor testified that he has never been married to Ms. Prasad. *See* Exhibit 3 at page 35.

37.     At the April 2022 Meeting, when asked by Trustee Roumeliotis how long Ms. Prasad had owned the Residence, the Debtor responded "ten years" and "that's a guess." *See* Exhibit 3 at page 17.

38.     At the April 2022 Meeting, the Debtor testified that he has known Ms. Prasad for 20 years. *See* Exhibit 3 at pages 17-18.

39.     At the April 2022 Meeting, when asked by Trustee Roumeliotis if the Residence was subject to a mortgage or was owned free and clear, the Debtor responded, "I have no idea." *See* Exhibit 3 at page 18.

40.     Later on at the April 2022 Meeting, Trustee Roumeliotis questioned the Debtor about a pending foreclosure action regarding the Residence which lists the Debtor as a defendant and the Debtor testified, "I have not been listed as a defendant in the case." *See* Exhibit 3 at pages 30-31.

41.     At the April 2022 Meeting, Trustee Roumeliotis followed up by questioning the Debtor as follows: "Are you sure you have no ownership interest and you never had any ownership in that property [Residence]?" The Debtor responded, "That's correct, sir." *See* Exhibit 3 at pages 30-31.

---

[3] Exhibit 3 contains an incorrect spelling of Ms. Prasad's name as "Sunedta Prassad." The correct spelling is Suneeta Prasad.

42.     At the April 2022 Meeting, the Debtor testified that he "heard" from Ms. Prasad that Residence was in foreclosure. *See* Exhibit 3 at page 31.

43.     At the April 2022 Meeting, in response to questions asked by Jennifer J. Morey of the Office of the United States Trustee, the Debtor testified again that he has no ownership interest in the Residence. *See* Exhibit 3 at pages 46-47.

44.     At the April 2022 Meeting, Trustee Roumeliotis further questioned the Debtor if he today, or ever, had an ownership interest in the real property commonly known as 1777 Oenoke Ridge, New Canaan, Connecticut (next door to the Residence). The Debtor responded, "No, sir." *See* Exhibit 3 at page 31.

### *(c) Debtor's undisclosed interest in the Residence*

45.     A foreclosure action was commenced in 2018 against the Debtor, Ms. Prasad and others seeking to foreclose a mortgage on the Residence dated April 17, 2000 and granted by the Debtor and Ms. Prasad to Washington Mutual Bank FA ("Mortgage") to secure a note dated April 17, 2000 in the amount of $1,152,000.00 that was executed, authorized and delivered by the Debtor and Ms. Prasad ("Note"). The foreclosure action is currently pending in the Connecticut Superior Court in the Judicial District of Stamford/Norwalk at Stamford as *Wilmington Trust, National Association Not in Individual Capacity But Solely as Trustee for VM Trust Series 3 vs. Suneeta P. Krishna a/k/a Suneeta Prasad a/k/a Suneeta Prasad Krishna a/k/a Suneeta Krishna, et al*, Docket No. FST-CV18-6036479 ("2018 Foreclosure Action"). *See* copy of docket in 2018 Foreclosure Action as of May 24, 2023 ("2018 Foreclosure Docket") attached hereto as Exhibit 4.

46.     According to the return of service filed at docket entry 100.30 on the 2018 Foreclosure Docket, the Debtor was personally served in hand with the Writ, Summons and Complaint relating to the 2018 Foreclosure Action on May 7, 2018 by State Marshal Sara M. Laden ("Return of Service"). *See* Return of Service attached hereto as Exhibit 5.

47.     The amended complaint dated August 9, 2019 filed in the 2018 Foreclosure Action alleges non-payment of the Note and seeks foreclosure of the Mortgage ("Foreclosure Complaint"). *See* Foreclosure Complaint attached hereto as Exhibit 6.

48.     The Foreclosure Complaint alleges that the Debtor is an owner of the Residence. *See* Exhibit 6 at ¶2.

49.     The Foreclosure Complaint alleges that Ms. Prasad is an owner of the Residence. *See* Exhibit 6 at ¶2.

50.     The Foreclosure Complaint alleges that the Debtor executed and delivered the Note. *See* Exhibit 6 at ¶3.

51.     The Foreclosure Complaint alleges that the Debtor executed and delivered the Mortgage. *See* Exhibit 6 at ¶4.

52.     The Foreclosure Complaint alleges that Ms. Prasad executed and delivered the Note. *See* Exhibit 6 at ¶ 3.

53.     The Foreclosure Complaint alleges that Ms. Prasad executed and delivered the Mortgage. *See* Exhibit 6 at ¶4.

54.      On July 19, 2018, the Debtor filed a *pro se* appearance in the 2018 Foreclosure Action ("2018 *Pro Se* Appearance"). *See* 2018 *Pro Se* Appearance at Exhibit 7; *see also* 2018 Foreclosure Docket entry at July 19, 2018 (Exhibit 4).

55.     On July 20, 2018, the Debtor filed a motion in the 2018 Foreclosure Action seeking to participate in mediation ("Debtor Mediation Motion"). *See* docket entry 118.00 on the 2018 Foreclosure Docket; *see* copy of Debtor Mediation Motion attached as Exhibit 8.

56.     The Debtor Mediation Motion was signed by the Debtor and states the following in Section I: "I have been ill (kidney transplant) and under doctors care for some time and was unaware of my rights to mediation. I have called the bank on numerous occasions to offer to pay them back the arrearage over a short period of time, but have not been able to finalize a deal. I am still waiting for the paper work." *See* Exhibit 8.

57.     On July 20, 2018, the Debtor filed a Foreclosure Mediation Certificate that he signed ("Debtor Foreclosure Mediation Certificate"). *See* docket entry 117.00 on the 2018 Foreclosure Docket; *see* copy of Debtor Foreclosure Mediation Certificate attached as Exhibit 9.

58.     The Debtor Foreclosure Mediation Certificate indicates that the Debtor is the owner of the Residence. *See* Exhibit 9 at Section (A)(1).

59.     The Debtor Foreclosure Mediation Certificate indicates that the Debtor lives in the Residence and indicates that it is his primary residence. *See* Exhibit 9 at Section (A)(2) and Section (A)(3).

60.     The Debtor Foreclosure Mediation Certificate indicates that the Debtor is a borrower on the Note being foreclosed. *See* Exhibit 9 at Section (A)(6).

61.     On July 23, 2018, Attorney Gregory J. Williams of the law firm of Lampert, Toohey & Rucci, LLC ("Attorney Williams") filed an appearance on behalf of the Debtor in the 2018 Foreclosure Action. *See* Exhibit 10 hereto.

10

62.     On July 23, 2018, the Debtor, through Attorney Williams, filed a Foreclosure Mediation Certificate which indicates the same information as reported in the Debtor Foreclosure Mediation Certificate that the Debtor owns the Residence, that the Residence is the Debtor's primary residence, and that the Debtor is a borrower on the Note being foreclosed ("Attorney Foreclosure Mediation Certificate"). *See* docket entry 115.00 on the 2018 Foreclosure Docket (Exhibit 4); *see* copy of Attorney Foreclosure Mediation Certificate attached as Exhibit 11.

63.     Also on July 23, 2018, Attorney Williams filed a motion in the 2018 Foreclosure Action ("Attorney Mediation Motion") seeking to participate in mediation which contains statements similar to those in Section 1 of the Debtor Mediation Motion and using the term "Defendant" instead of the pronoun "I." *See* docket entry 114.00 on the 2018 Foreclosure Docket (Exhibit 4); *see* copy of Attorney Mediation Motion attached as Exhibit 12.

64.     On August 26, 2019, the Debtor, through Attorney Williams, filed an answer to the Foreclosure Complaint in the 2018 Foreclosure Action ("Answer"). *See* docket entry 128.00 on the 2018 Foreclosure Docket (Exhibit 4); *see* copy of Answer attached as Exhibit 13.

65.     Paragraph 2 of the Answer admits that the Debtor owns the Residence. *See* Exhibit 13 at ¶2; *see* Exhibit 6 at ¶2.

66.     Paragraph 3 of the Answer admits that the Debtor borrowed money from Washington Mutual Bank FA to purchase the Residence. *See* Exhibit 13 at ¶3; *see* Exhibit 6 at ¶3.

67.     Paragraph 4 of the Answer admits that the Debtor executed the Mortgage. *See* Exhibit 13 at ¶4; *see* Exhibit 6 at ¶4.

11

68.     Paragraph 9 of the Answer admits that the Debtor owns the Residence. *See* Exhibit 13 at ¶9; see Exhibit 6 at ¶9.

69.     On September 30, 2019, the Debtor, through Attorney Williams, filed a Disclosure of Defense to the Foreclosure Complaint in the 2018 Foreclosure Action ("Disclosure of Defense"). *See* docket entry 130.00 on the 2018 Foreclosure Docket (Exhibit 4); *see* copy of Disclosure of Defense attached as Exhibit 14.

70.     The Disclosure of Defense does not dispute or contest the Debtor's ownership of the Residence. *See* Exhibit 14.

71.     The Disclosure of Defense does not dispute or contest the validity or enforceability of the Note. *See* Exhibit 14.

72.     The Disclosure of Defense does not dispute or contest the validity or enforceability of the Mortgage. *See* Exhibit 14.

73.     Attorney Williams represented the Debtor in the 2018 Foreclosure Action from July 2020 through January 2023. *See* 2018 Foreclosure Docket at Exhibit 4.

74.     By motion filed on January 9, 2023, Attorney Williams moved to withdraw as counsel to the Debtor and Ms. Prasad ("Motion to Withdraw") citing that "continued representation may cause a violation of the Rules of Professional Conduct." *See* docket entry 137.00 on the 2018 Foreclosure Docket (Exhibit 4); *see* copy of Motion to Withdraw attached as Exhibit 15.

75.     By order docketed on February 6, 2023, Attorney Williams ceased representing the Debtor and Ms. Prasad in the 2018 Foreclosure Action. *See* docket entry 137.03 on the 2018 Foreclosure Docket (Exhibit 4).

76.     As of the filing of this complaint in the instant adversary proceeding, the Debtor is not represented by counsel in the 2018 Foreclosure Action. *See* 2018 Foreclosure Docket (Exhibit 4).

77.     Ms. Prasad is currently represented by Attorney Sarah Poriss in the 2018 Foreclosure Action. *See* Exhibit 16 hereto.

### *(d)    Debtor's Second Section 341 Meeting on August 3, 2022*

78.     On August 3, 2022, the Debtor testified under oath at a continued Section 341 meeting of creditors in response to questions from Trustee Roumeliotis and others ("August 2022 Meeting"). A copy of the transcript of the August 2022 Meeting is attached hereto as Exhibit 17.

79.     At the August 2022 Meeting, the Debtor testified about the Residence, the 2018 Foreclosure Action, Mortgage, and the Note. *See* Exhibit 17 at pages 6-12.

80.     At the August 2022 Meeting, Attorney Holley Claiborn, counsel for the United States Trustee ("Attorney Claiborn"), questioned the Debtor if he signed both the Note and the Mortgage. The Debtor responded, "No." *See* Exhibit 17 at page 7.

81.     At the August 2022 Meeting, the Debtor denied that he is a defendant in the 2018 Foreclosure Action. *See* Exhibit 17 at pages 7-8.

82.     At the August 2022 Meeting, the Debtor testified he has no attorney-client relationship with Attorney Williams, not in the past or currently. *See* Exhibit 17 at page 8.

83.     At the August 2022 Meeting, Attorney Claiborn asked the Debtor if he ever owned the Residence. The Debtor responded, "No." *See* Exhibit 17 at page 6.

84.     At the August 2022 Meeting, the Debtor testified that his father owned the Residence and that his father died in 2010. *See* Exhibit 17 at pages 6-7.

85.     At the August 2022 Meeting, the Debtor testified that the spelling of his father's name is "Jayardman Krishna." *See* Exhibit 17 at page 9.

86.     The 2018 Foreclosure Action names the following person as a defendant: "Jayardman Krishna a/k/a Jayaraman Krishna a/k/a Kris Jayaraman." *See* Exhibits 4, 5, and 6.

87.     At the August 2022 Meeting, the Debtor denied that he was a defendant in the 2018 Foreclosure Action and testified that the named defendant in the 2018 Foreclosure Action of "Jayardman Krishna" is his father. *See* Exhibit 17 at pages 7-10.

88.     At the August 2022 Meeting, when the Debtor was asked why his last name ends with an "n" and his father's name does not, the Debtor testified, "It's a cultural thing, sir." *See* Exhibit 17 at pages 30-31.

89.     At the August 2022 Meeting, when asked how his father and Ms. Prasad took out the Mortgage on the Residence in the year 2000, the Debtor testified that it was done in connection with Ms. Prasad being his fiancé and that it was part of his culture. *See* Exhibit 17 at page 10.

90.     At the August 2022 Meeting, the Debtor testified that Ms. Prasad was his fiancé as of April 2000 when the Mortgage and Note were executed. *See* Exhibit 17 at page 11.

91.     At the August 2022 Meeting, the Debtor testified that he is not currently married and has never been married. *See* Exhibit 17 at pages 10-11, and 21.

92.     At the August 2022 Meeting, the Debtor testified that Ms. Prasad is currently his fiancé. *See* Exhibit 17 at page 11.

93.     At the August 2022 Meeting, the Debtor testified that he has never had any legal relationship with Ms. Prasad. *See* Exhibit 17 at page 10.

94.     At the August 2022 Meeting, the Debtor testified that he has two children with Ms. Prasad and one child is in college. *See* Exhibit 17 at pages 13 and 21.

    **e)**     ***Debtor's Third Section 341 Meeting on September 9, 2022***

95.     On September 9, 2022, the Debtor testified under oath at a continued Section 341 meeting of creditors in response to questions from Trustee Roumeliotis and others ("September 2022 Meeting"). A copy of the transcript of the September 2022 Meeting is attached hereto as Exhibit 18.

96.     At the September 2022 Meeting, the Debtor testified in person and presented his U.S. Permanent Resident Card, his social security card, and his driver's license to Trustee Roumeliotis. *See* Exhibit 18 at pages 3-4.

97.     At the September 2022 Meeting, the Debtor spelled his name for the record as "Jayaraman Krishnan." *See* Exhibit 18 at page 4.

98.     At the September 2022 Meeting, the Debtor testified that he signed the Petition filed at ECF 1. *See* Exhibit 18 at page 8.

99.     At the September 2022 Meeting, the Debtor testified that he signed the Schedules Declaration. *See* Exhibit 18 at page 8.

100.    At the September 2022 Meeting, the Debtor testified that he listed all of his assets on his bankruptcy schedules. *See* Exhibit 18 at pages 35-36.

101.    At the September 2022 Meeting, the Debtor testified that Ms. Prasad sometimes goes by the name "Suneeta Krishnan." *See* Exhibit 18 at page 51.

102.    At the September 2022 Meeting, the Debtor testified he has never been married to Ms. Prasad. *See* Exhibit 18 at page 51.

103.    At the September 2022 Meeting, the Debtor testified he resides at the Residence. *See* Exhibit 18 at page 7.

104.    At the September 2022 Meeting, the Debtor testified that the Residence is owned by his father and Ms. Prasad. *See* Exhibit 18 at pages 56-57, and 86.

105.    At the September 2022 Meeting, the Debtor testified that the Residence was titled in his father and Ms. Prasad's names in 2000 because "[t]he reason it went that way is my father was making the down payment for the property and Suneeta [Ms. Prasad] was to have her income and her tax documents for the property." *See* Exhibit 18 at pages 86-87.

106.    At the September 2022 Meeting, the Debtor testified that he signed the Note. *See* Exhibit 18 at page 88.

107.    At the September 2022 Meeting, the Debtor testified that he signed the Mortgage. *See* Exhibit 18 at page 89.

108.    At the September 2022 Meeting, the Debtor testified that he signed the Note and the Mortgage on behalf of his father. *See* Exhibit 18 at pages 88-89.

109.    At the September 2022 Meeting, the Debtor testified that his father died in 2010 and that it was his "understanding" that his father's interest in the Residence "goes to Suneeta [Ms. Prasad]." *See* Exhibit 18 at page 58.

110.    At the September 2022 Meeting, the Debtor testified that he was the estate administrator for his father's probate estate. *See* Exhibit 18 at pages 77-78.

111.    At the September 2022 Meeting, the Debtor admitted that he did not include the Residence as an asset in his father's probate estate. *See* Exhibit 18 at page 79.

112.    At the September 2022 Meeting, when asked why the Residence was not listed as one of his father's assets in the probate estate, the Debtor testified "I don't know. Overlooked," and "I don't remember," and "I have always had the thing that the property belonged to Suneeta [Ms. Prasad]." *See* Exhibit 18 at page 79-80.

**f)    *Debtor's Fourth Section 341 Meeting on November 28, 2022***

113.    On November 28, 2022, the Debtor testified under oath in person at a continued Section 341 meeting of creditors in response to questions from Trustee Roumeliotis and others ("November 2022 Meeting"). A copy of the transcript of the November 2022 Meeting is attached hereto as Exhibit 19.

114.    At the November 2022 Meeting, the Debtor testified that, as of the 2010 when his father died, the Residence was titled in the names of his father and Ms. Prasad. *See* Exhibit 19 at pages 34-35.

115.    At the November 2022 Meeting, the Debtor further testified that the Residence was not included in his father's probate estate because Ms. Prasad became the sole owner of the Residence upon his father's death by operation of law. *See* Exhibit 19 at pages 35-36.

116.    At the November 2022 Meeting, the Debtor testified that "I'm not a defendant, no" in the 2018 Foreclosure Action and also testified "[s]o I don't have a loan, I didn't take a loan. And I didn't own the place." *See* Exhibit 19 at pages 37 and 40.

117.    At the November 2022 Meeting, the Debtor testified that the 2018 Foreclosure Action involved his father, not him. *See* Exhibit 19 at pages 37-40.

118.    At the November 2022 Meeting, the Debtor testified that he did not hire Attorney Williams to represent him in the 2018 Foreclosure Action. *See* Exhibit 19 at page 37.

119.    At the November 2022 Meeting, in response to questions about the Attorney Mediation Motion (Exhibit 12) and how it refers to a kidney transplant and being ill, the Debtor testified that the Attorney Mediation Motion was filed on behalf of his father, not him. *See* Exhibit 19 at pages 50-58; *see* Exhibit 12.

120.    Subsequently at the November 2022 Meeting, in response to questions about the Debtor Mediation Motion (Exhibit 8 hereto) and how it contains the same references to a kidney transplant and being ill as the Attorney Mediation Motion, the Debtor admitted that he filed the Debtor Mediation Motion and that the reference in the Debtor Mediation Motion to a kidney transplant is a reference to the Debtor, not his father. *See* Exhibit 19 at pages 58-60; *see* Exhibit 8.

121.    At the November 2022 Meeting, in response to questions from Attorney Steve Ouellette about being married to Ms. Prasad, the Debtor said that he testified falsely under oath at a prior deposition conducted on November 30, 2018 when he testified at that deposition that he was married to Ms. Prasad since 1993. *See* Exhibit 19 at pages 86-91.

**(g) 2017 Modification Agreement**

122.    Subsequent to the November 2022 Meeting, Trustee Roumeliotis obtained a copy of a Modification Agreement that was signed by the Debtor and by Ms. Prasad in Fairfield, Connecticut on November 28, 2017 ("2017 Modification Agreement"). *See* 2017 Modification Agreement attached as Exhibit 20.

123.    By its terms, the 2017 Modification Agreement reaffirms the obligations of the Note and Mortgage and binds the Debtor and Ms. Prasad to the obligations of the Note, Mortgage, and the 2017 Modification Agreement. *See* Exhibit 20.

124.    The Debtor is listed on page one (1) of the 2017 Modification Agreement as the "borrower" using the name "Jayardman Krishna." *See* Exhibit 20.

125.    The Debtor, above the hand-written name Jayardman Krishna, personally executed the 2017 Modification Agreement on November 28, 2017 in his capacity as a borrower under the Note. *See* Exhibit 20.

126.    Ms. Prasad, above the hand-written name Suneeta P. Krishna, personally executed the 2017 Modification Agreement on November 28, 2017 in her capacity as a borrower under the Note. *See* Exhibit 20.

127.    The 2017 Modification Agreement was signed, acknowledged and delivered by Debtor on November 28, 2017 in the physical presence of two witnesses and Meagan M. Ancona, a notary public for the State of Connecticut ("Notary Public"). *See* Exhibit 20.

128.    The acknowledgement by the Notary Public of the Debtor's signature on the Modification Agreement states that the Debtor's driver's license was provided to the Notary Public as evidence of the Debtor's identity. *See* Exhibit 20.

**(h) 2019 Federal Tax Return and false testimony at April 2022 Meeting**

129.    In connection with the Bankruptcy Case and at the request of Trustee Roumeliotis, the Debtor filed a Form T-4506 request with the Internal Revenue Service ("IRS") for copies of tax returns for the tax years 2014 through 2021.

130.    At the November 2022 Meeting, the Debtor provided Trustee Roumeliotis with the tax transcripts sent to him by the IRS ("IRS Response"), which included a tax transcript for the return filed with the IRS for the year 2019 ("2019 Tax Transcript"). *See* Exhibit 19 at page 5.

131.    According to the IRS Response, the Debtor has not filed tax returns with the IRS for the tax years 2014, 2015, 2016, 2017, 2018, 2020, and 2021.

132.    The 2019 Tax Transcript reflects income of $1.00 for the tax year 2019.

133.    At the November 2022 Meeting, the Debtor testified that he did not recall why he filed a tax return for the year 2019 and did not know why there was $1.00 in taxable interest income reported on the 2019 Tax Transcript. *See* Exhibit 19 at page 7.

134.    The Debtor testified untruthfully at the April 2022 Meeting when the Debtor testified "I have not filed a federal tax return in the U.S. at all." *See* Exhibit 3 at page 9.

**(i)    False Schedules AB and D and False Testimony at the April 2022 Meeting, the August 2022 Meeting, the September 2022 Meeting and the November 2022 Meeting**

*Schedule AB and Schedule D*

135.    The Debtor's Schedule AB (ECF 8) filed in his Bankruptcy Case was false and inaccurate in that it failed to disclose and omitted the Debtor's legal and/or equitable interest in the Residence.

136.    The Debtor's Schedule D (ECF 8) filed in his Bankruptcy Case was false and inaccurate in that it failed to disclose and omitted the Debtor's legal obligations with respect to the Note, Mortgage, and Modification Agreement concerning the Residence.

137.    To date, the Debtor has failed to amend his Schedule AB to disclose his legal and/or equitable interest in the Residence.

138.    To date, the Debtor has failed to amend his Schedule D to disclose his obligations with respect to the Note, Mortgage, and Modification Agreement concerning the Residence.

### *April 2022 Meeting*

139.    The Debtor testified untruthfully at the April 2022 Meeting when he testified that his bankruptcy documents/papers were accurate as of the date of the bankruptcy filing (the Petition Date) because Schedule AB failed to disclose and omitted the Debtor's legal and/or equitable interest in the Residence.

140.    The Debtor testified untruthfully at the April 2022 Meeting when he testified that his bankruptcy documents/papers were accurate as of the date of the bankruptcy filing (the Petition Date) because Schedule D failed to disclose and omitted the Debtor's obligations with respect to the Note and Mortgage on the Residence.

141.    The Debtor testified untruthfully at the April 2022 Meeting when he testified that he does not have any ownership interest in the Residence and has never owned the Residence.

142.    The Debtor testified untruthfully at the April 2022 Meeting when he testified that he does not own any real estate and has not owned any real estate anywhere in the world in the four-year period prior to the Petition Date.

143.    The Debtor testified untruthfully at the April 2022 Meeting when he testified, "I have not filed a federal tax return in the U.S. at all."

### *August 2022 Meeting*

144.    The Debtor testified untruthfully at the August 2022 Meeting when he testified that he has not ever owned the Residence.

145.    The Debtor testified untruthfully at the August 2022 Meeting when he denied that he is a defendant in the 2018 Foreclosure Action.

146.    The Debtor testified untruthfully at the August 2022 Meeting when he testified that he did not sign the Note and the Mortgage.

147.    The Debtor testified untruthfully at the August 2022 Meeting when he testified that his deceased father is a defendant in the 2018 Foreclosure Action.

148.    The Debtor testified untruthfully at the August 2022 Meeting when he testified that he had no attorney-client relationship with Attorney Williams.

### *September 2022 Meeting*

149.    The Debtor testified untruthfully at the September 2022 Meeting when the Debtor testified that the Residence is owned by his father and Ms. Prasad, and that he does not own the Residence.

150.    The Debtor testified untruthfully at the September 2022 Meeting when the Debtor testified that he signed the Note and the Mortgage on behalf of his father, not himself.

151.    The Debtor testified untruthfully at the September 2022 Meeting when the Debtor testified that he listed all of his assets on his bankruptcy schedules.

### *November 2022 Meeting*

152.    The Debtor testified untruthfully at the November 2022 Meeting when he testified that he does not own the Residence.

153.    The Debtor testified untruthfully at the November 2022 Meeting when he testified that he was not a defendant in the 2018 Foreclosure Action, did not take a loan out with respect to the Residence, and that the 2018 Foreclosure Action involved his father, not him.

154.    The Debtor testified untruthfully at the November 2022 Meeting when he testified that he did not hire Attorney Williams to represent him in the 2018 Foreclosure Action.

155.    The Debtor testified untruthfully at the November 2022 Meeting when he testified that the Attorney Mediation Motion (Exhibit 12) was filed on behalf of his father, not him.

**FIRST CAUSE OF ACTION - 11 U.S.C. § 727(a)(2)**

156.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

157.    Based upon information sufficient to form a reasonable belief, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA A/K/A JAYARDMAN KRISHNAN,** with an attempt to hinder, delay or defraud creditors and/or Trustee Roumeliotis and the Debtor's bankruptcy estate, transferred, removed, and/or concealed or permitted to be transferred, removed or concealed property of the bankruptcy estate relating to Debtor's legal and/or equitable interest in the Residence prior to and after the date of the filing of the Debtor's Petition and thus has forfeited his right to obtain a discharge of his debts pursuant to 11 U.S.C. § 727(a)(2).

**SECOND CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

158.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

23

159.    Based upon information sufficient to form a reasonable belief, by failing to disclose his legal and/or equitable interest in the Residence on his Schedule AB, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA A/K/A JAYARDMAN KRISHNAN**, has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### <u>THIRD CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)</u>

160.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

161.    Based upon information sufficient to form a reasonable belief, by failing disclose the Note, Mortgage and Modification Agreement concerning the Residence on his Schedule D, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA A/K/A JAYARDMAN KRISHNAN**, has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### <u>FOURTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)</u>

162.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

163.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the April 2022 Meeting that he does not have any ownership interest in the Residence and has never owned the Residence, the Debtor **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA A/K/A**

**JAYARDMAN KRISHNAN**, has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**FIFTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

164.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

165.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the April 2022 Meeting that he does not own any real estate and has not owned any real estate anywhere in the world in the four-year period prior to the Petition Date, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**SIXTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

166.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

167.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the April 2022 Meeting that his bankruptcy documents/papers were accurate as of the date of the bankruptcy filing (the Petition Date), the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

## SEVENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

168.     Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

169.     Based upon information sufficient to form a reasonable belief, by testifying under oath at the April 2022 Meeting that he had never filed a tax return in the United States, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

## EIGHTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

170.     Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

171.     Based upon information sufficient to form a reasonable belief, by testifying under oath at the August 2022 Meeting that he has not ever owned the Residence, the Debtor **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA A/K/A JAYARDMAN KRISHNAN**, has knowingly and fraudulently, in or in connection with the case made a false oath or account in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

## NINTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

172.     Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

173.    Based upon information sufficient to form a reasonable belief, by testifying under oath at August 2022 Meeting that he is not a defendant in the 2018 Foreclosure Action, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

## TENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

174.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

175.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the August 2022 Meeting that he did not sign the Note and the Mortgage, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

## ELEVENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

176.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

177.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the August 2022 Meeting that his deceased father is a defendant in the 2018 Foreclosure Action, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in

connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### TWELFTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

178.   Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

179.   Based upon information sufficient to form a reasonable belief, by testifying under oath at the August 2022 Meeting that he had no attorney-client relationship with Attorney Williams, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### THIRTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

180.   Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

181.   Based upon information sufficient to form a reasonable belief, by testifying under oath at the September 2022 Meeting that the Residence is owned by his father and Ms. Prasad, and that he does not own the Residence, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**FOURTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

182.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

183.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the September 2022 Meeting that he signed the Note and the Mortgage on behalf of his father and not himself, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**FIFTHTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

184.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

185.    Based upon information sufficient to form a reasonable belief, by testifying under oath at the September 2022 Meeting that listed all of his assets on his bankruptcy schedules, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**SIXTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**

186.    Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

187.     Based upon information sufficient to form a reasonable belief, by testifying under oath at the November 2022 Meeting that he does not own the Residence, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### SEVENTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

188.     Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

189.     Based upon information sufficient to form a reasonable belief, by testifying under oath at the November 2022 Meeting that he was not a defendant in the 2018 Foreclosure Action, did not take a loan out with respect to the Residence, and that the 2018 Foreclosure Action involved his father and not him, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

### EIGHTEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)

190.     Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

191.     Based upon information sufficient to form a reasonable belief, by testifying under oath at the November 2022 Meeting that he did not hire Attorney Williams to represent him in the 2018 Foreclosure Action, the Debtor, **JAYARAMAN KRISHNAN A/K/A**

**JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

<u>**NINETEENTH CAUSE OF ACTION - 11 U.S.C. § 727(a)(4)(A)**</u>

192.   Paragraphs 1 through 155 are hereby repeated and realleged as though fully set forth herein.

193.   Based upon information sufficient to form a reasonable belief, by testifying under oath at the November 2022 Meeting that Attorney Mediation Motion (Exhibit 12) was filed on behalf of his father, not him, the Debtor, **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**, has knowingly and fraudulently, in or in connection with the case made a false oath(s) or account(s) in violation of 11 U.S.C. § 727(a)(4)(A) and thus has forfeited his right to obtain a discharge of his debts.

**WHEREFORE**, the United States Trustee respectfully requests:

a.   denial of the discharge of Debtor **JAYARAMAN KRISHNAN A/K/A JAYARAMAN KRISHNA A/K/A JAYARDMAN KRISHNA**;

    b.  the costs of suit; and

    c.  for such other and further relief as is just and proper.

Dated at New Haven, Connecticut this 24th day of May, 2023.

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE FOR REGION 2

By:    <u>/s/ Holley L. Claiborn</u>
       Holley L. Claiborn
       Trial Attorney
       Office of the United States Trustee
       Giaimo Federal Building, Room 302
       150 Court Street
       New Haven, CT 06510
       Holley.L.Claiborn@usdoj.gov
       (203) 773-2210
       Federal Bar No.: ct17216 (Connecticut)